Lacy *v.* Cox.

LACY v. COX.

If the party intending to appeal from the judgment of a Justice, had in reasonable time, in good faith, and with proper diligence, endeavoured to see the Justice and demand an appeal before the next ensuing term of the Common Pleas, but was not able through the absence of the Justice, or some other sufficient cause, an appeal to the second term after judgment rendered, will be sustained.

Lacy *v.* Cox.

A certificate to a Justice's transcript, and the jurat to the affidavit, of an appellant, are not records of such dignity as to entitle them to the benefit of that rule, which ascribes absolute verity to records ; but evidence may be received to prove a mistake or fraud in their date.

This was a *certiorari* directed to the Common Pleas of Somerset county.

*Hartwell,* for plaintiff.

*W. Thompson,* for defendant.

By the Court. The counsel for the plaintiff, moved to reverse the judgment of the Court of Common Pleas, in this case, upon two grounds, viz :

1st. Because the appeal had not been demanded in time. The cause had been tried and the judgment rendered before the Justice, on the 31st October 1833, and no appeal brought into the Court of Common Pleas until April term 1834, which was the second term after judgment, the term of January 1834, having intervened.

In answer to this objection, it was insisted, and the facts so appeared on the record, that the appellant had repeatedly called at the Justice's house, prior to the January term, for the purpose of demanding an appeal and tendering a bond, but had not been able to find the Justice, he having been absent from home, and in a distant part of the State; and that upon proof of these facts, the Court of Common Pleas, in the term of January 1834, had granted a rule, giving the appellant until the first day of the next term, to bring in and perfect his appeal.

In doing this, we think the court did right, if they were satisfied that the appellant had, in reasonable time, in good faith, and with proper diligence, endeavoured to see the Justice and demand the appeal. But it is not necessary to pursue this part of the case, since upon the second error assigned, the judgment must be reversed.

2d. The certificate to the Justice's transcript, and the jurat to the affidavit, severally bore date, the 14th of April 1834, but appeared upon inspection, to have been originally dated on the 16th day of April 1834, which was the second day of that term, and therefore too late. The appellee offered to show by the

evidence of the Justice, then in court, that the certificate and affidavit, had actually been made and dated on the 16th, and that they must therefore have been improperly altered to the 14th, so as to appear to have been made in due time. This evidence was resisted by the appellant, and rejected by the court, on the ground, that it was not admissible to contradict the record. We think the court erred in so deciding. These papers are not *records* in the legal sense of that term ; at least, not of such dignity, as to entitle them to the benefit of that rule, which ascribes *absolute verity* to. records. Whether the affidavit had been made, and the appeal demanded in due time, was a question of fact, which the parties had a right to enquire into ; and which lay at the foundation of the jurisdiction of the court. It has not escaped our notice, that the appeal bond, is plainly and unequivocally marked by the Clerk as filed, on the 14th of April, which renders it highly probable, that no improper alteration of the dates of the other papers, had been made ; but nevertheless, as some doubt existed, the appellee ought to have been permitted to show the true dates, if it was in his power to do so. Let the judgment of the Common Pleas be reversed, and the record remitted to that court, that it may proceed thereon.

*Judgment reversed.*